4782. KELLY *v.* BUTLER, STEVENS & COMPANY.

The evidence demanded the verdict in favor of the plaintiffs, and the court did not err in overruling the motion for a new trial. .

DECIDED JUNE 10, 1913.

Complaint; from city court of Eastman—Judge Neese. October 30, 1912.

*Roberts & Smith, W. M. Clements,* for plaintiff in error.

*Travis & Travis, C. W. Atwill,* contra.

POTTLE, J. The petition in the present case contained three counts, but, as the jury found for the plaintiffs on the second count, only this count is material in the consideration of the case. The case made by the petition is substantially as follows: The plaintiffs were cotton factors and engaged in the business of selling cotton on commission in the city of Savannah. The defendant was engaged in the business of selling cotton, and resided in Dodge county. On August 25, 1909, the defendant requested the plaintiffs to sell for him fifty bales of cotton for October delivery at 12¼ cents per pound. Acting upon this request, the plaintiffs sold to McFadden & Brother for the defendant, on August 25, 1909, 50 bales of cotton for 12¼ cents per pound, to be delivered on or before October 26, 1909, subject to the rules of the Savannah Cotton Exchange, basis, good middling. In order to make the sale it was necessary for the plaintiffs to guarantee the delivery of the cotton in accordance with the terms of the contract; and this they did. Immediately after making the sale, the plaintiffs notified the defendant of the sale and the terms thereof, and requested shipment of the cotton. The defendant refused to comply with the contract, and on October 26, 1909, the plaintiffs delivered to McFadden & Brother 50 bales of cotton, the market price of which, on the day of delivery, was 14 cents per pound. The defendant thereupon became indebted to the plaintiffs in the sum of $441.74, being the difference between the contract price and the market value of the cotton; and also in the sum of fifty dollars additional, as commissions for making the sale. The defendant answered, denying that he was indebted to the plaintiffs in any sum, and denying that he authorized the execution of the contract with McFadden & Brother.

From the evidence it appears that on August 25, 1909, the defendant wired the plaintiffs as follows: "Sell me fifty bales twelve quarter October delivery." On the same day the plaintiffs wired the

defendant: "Sold your fifty bales twelve quarter basis good mid. October delivery here." On the same day the plaintiffs addressed a letter to McFadden & Brother, stating that 50 bales of cotton had been that day sold to McFadden & Brother under instructions from the defendant, at 12¼ cents per pound, to be delivered on October 26, 1909. The letter further stated that the contract for the sale was enclosed for signature of the buyers, and that the plaintiffs guaranteed delivery of the cotton. On the same day the plaintiffs addressed a letter to the defendant, stating that the cotton had been sold to McFadden & Brother, and the terms upon which the sale was made. In this letter was enclosed a written contract of sale, to be signed by the defendant; this contract reciting, among other things, that "this sale is made subject to the rules of the Savannah Cotton Exchange," with certain modifications which were noted. The defendant made no reply to this letter and failed to sign and return the contract. Several communications were addressed by the plaintiffs to the defendant, calling his attention to his failure to sign and return the contract, and no response was received from the defendant. On October 25, the day before the delivery was to be made, the plaintiffs wired the defendant that they would buy 50 bales of cotton to fill his contract; and to this telegram the defendant replied as follows: "Previous wires if you buy cotton its up to you will not authorize same." On October 26 the plaintiffs wired the defendant that they had bought the cotton to fill his contract, and enclosed him a statement of the account showing the amount due the plaintiffs on account of the transaction. The defendant did not deny sending the telegrams in reference to the transaction, nor the receipt of communications sent to him from time to time by the plaintiffs. He contended that he was justified in refusing to sign the contract of sale, by reason of the fact that it contained a stipulation that the sale was to be made subject to the rules of the Savannah Cotton Exchange. He further contended that the sale made, as evidenced by the telegram, was executory, and that the conduct of the plaintiffs, in sending him the written contract to sign, was a recognition of this fact; and further, that if the original contract was not executory, there had been a novation, by reason of the fact that plaintiffs did not rely upon the telegram, but insisted upon the execution of the subsequent contract. No such issue as this was raised in the defendant's

answer, but in his testimony he assigned this as a reason for failing to execute the contract sent to him by the plaintiffs. There is a suggestion, in the brief of counsel for plaintiff in error, that the contract was a speculation in futures, but there is nothing in the evidence to justify this argument. The evidence demanded a finding that the contract was for the sale and delivery of actual cotton, and that the plaintiffs did deliver to McFadden & Brother 50 bales of cotton in accordance with the contract.

It is insisted, in the motion for a new trial, that the defendant should have been allowed to prove that the plaintiffs considered the contract executory, and did not rely upon the telegrams as evidencing a complete contract. But the law fixes the status of the contract. It was not executory. The defendant directed the plaintiffs, as his factors and agents, to sell for him 50 bales of cotton, for October delivery, at a certain price. The plaintiffs accepted this commission and immediately made the sale, obligating themselves to make delivery for and in behalf of the defendant, in accordance with the contract. So far as the defendant and the plaintiffs are concerned, the contract was completely executed, and nothing remained to be done but to deliver the cotton in accordance therewith. The defendant became bound to make this delivery, and the plaintiffs, under their contract with McFadden & Brother, became obligated to see that delivery was made by the defendant. The failure of the defendant to execute the subsequent contract is wholly immaterial. The suit was not brought for damages for his failure to execute this contract, but the action was predicated upon his failure to deliver the cotton in accordance with his original agreement and the loss which the plaintiffs had sustained by reason of being compelled to purchase cotton in the market and deliver it to McFadden & Brother in accordance with the contract. The plaintiffs were entitled to their commission of $50 for making the sale, this amount being shown by the evidence and being the customary commission charged by cotton factors in Savannah. The rules and by-laws of the Savannah Cotton Exchange were immaterial, and their introduction in evidence was not hurtful to the defendant. The ground of the motion for a new trial in which complaint is made that counsel for the plaintiffs were permitted to interrogate the defendant in reference to certain matters to which he had testified on a former trial, because counsel did not read to

the defendant the testimony which it was alleged he had given on a former trial, is too indefinite to be considered; but aside from this, it is immaterial, as the result would have been the same had the defendant not been thus interrogated. There was no error in overruling the motion for a new trial. *Judgment affirmed.*